# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1539

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| vs. | * | Appeal from the United States |
| | * | District Court for the |
| David Daniel Alaniz, | * | District of North Dakota. |
| also known as Daniel David Alaniz, | * | |
| also known as Daniel David Alanez, | * | |
| also known as Danny Alaniz, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 17, 2000

Filed: December 15, 2000

_____

Before HANSEN, MURPHY, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

This appeal involves a question of first impression — whether a 1998 amendment to 18 U.S.C. § 924(c)(1)(A) nullifies a consecutive term of imprisonment for a firearm charge whenever the predicate drug crime or crime of violence already carries a greater minimum sentence.

## I

The government appeals from a sentence of 135 months imposed upon David Daniel Alaniz after he pleaded guilty to both drug and firearm charges. The drug charge involved more than 500 grams of a mixture or substance containing methamphetamine, which carries a mandatory term of ten years imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). Alaniz possessed a firearm in furtherance of the drug crime; he was therefore subject to a consecutive term of five years in prison under 18 U.S.C. § 924(c)(1)(A)(i) & (c)(1)(D)(ii).

The district court declined to impose the consecutive five-year firearm sentence, however, believing it was subsumed by the greater ten-year drug sentence. As amended, § 924(c)(1) provides that the minimum sentences set forth therein shall apply "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law." The district court interpreted the mention of a "greater minimum sentence" as referring to any greater minimum sentence, including one for the predicate drug crime. We disagree. The amendment refers only to a "greater minimum sentence" for the various types of firearm-related conduct proscribed in § 924(c)(1). We therefore reverse and remand for resentencing.

## II

We review the district court's interpretation of the statute de novo, and start with the text of the statute itself. United States v. Whiting, 165 F.3d 631, 633 (8th Cir. 1999). "If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." Id. (citing Citicasters v. McCaskill, 89 F.3d 1350, 1354-55 (8th Cir. 1996)). When interpreting a statute "we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy." United States v. Williams, 136 F.3d 547, 550 (8th Cir. 1998) (quoting Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 51 (1987)).

## A

Prior to the 1998 amendment, the clear object of § 924(c) was to enhance sentences for certain predicate crimes with an additional consecutive sentence if commission of the predicate crime involved a firearm. See, e.g., United States v. Murphy, 69 F.3d 237, 244 (8th Cir. 1995) (indicating that "[t]he wording of the statute could not be clearer."). During that pre-1998 period, the statute provided that

> [w]hoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, and if the firearm is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, to imprisonment for ten years, and if the firearm is a machinegun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years.
>
> In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years, and if the firearm is a machinegun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to life imprisonment without release. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.

18 U.S.C. § 924(c)(1) (1994), amended by Pub. L. No. 105-386, 18 U.S.C. § 924 (c)(1) (Supp. IV 1998).

B

In 1998, Congress amended the text of § 924(c)(1). As presently codified, the statute provides that

(A)    Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

    (i)    be sentenced to a term of imprisonment of not less than 5 years;

    (ii)    if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

    (iii)    if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

(B)    If the firearm possessed by a person convicted of a violation of this subsection—

    (i)    is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, the person shall be sentenced to a term of imprisonment of not less than 10 years; or

    (ii)    is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years.

(C) In the case of a second or subsequent conviction under this subsection, the person shall—

  (i) be sentenced to a term of imprisonment of not less than 25 years; and

  (ii) if the firearm involved is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, be sentenced to imprisonment for life.

(D) Notwithstanding any other provision of law—

  (i) a court shall not place on probation any person convicted of a violation of this subsection; and

  (ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

18 U.S.C. § 924(c)(1) (Supp. IV 1998).

C

The revised statute includes the prefatory phrase "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law." That new phrase doesn't alter the original statute's clear object of enhancing sentences for predicate drug crimes or crimes of violence with consecutive firearm sentences. Rather, Congress added the new phrase because the statute's organizational structure changed.

Prior to the 1998 amendment, all possible sentence lengths for the different types of firearm-related conduct proscribed by the statute were found within an undivided

subsection. See *supra* Part II.A. Likewise, all of the various sentence lengths for second or subsequent convictions were contained within the same undivided subsection. See id.

After the 1998 amendment, the various sentence lengths in the statute are no longer set forth within an undivided subsection. The amendment preserves all of the old possible sentence lengths,[1] while adding two new gradations — not less than seven years for brandishing a firearm, and not less than ten years for discharging a firearm — further refining the types of firearm-related conduct proscribed by the statute. Because of this increase in sentencing possibilities, Congress divided what was already a lengthy subsection into distinct subdivisions.

Subdivision (c)(1)(A) contains the statute's prefatory language, the basic five-year sentence applicable to most firearms, and the new sentences for brandishing or discharging. Subdivision (c)(1)(B) now covers the sentence for short-barreled rifles or shotguns and semiautomatic assault weapons, plus the sentence for machineguns or silencers. Subdivision (c)(1)(C) enumerates the possible sentences for second or subsequent convictions. See *supra* Part II.B.

Comparing the old and new versions of § 924(c)(1), it's apparent that Congress added the phrase "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection" to link the remaining prefatory language in (c)(1)(A) to each sentence length set forth in subdivisions (c)(1)(B) and (c)(1)(C). Absent that linking phrase, the self-standing provisions in (c)(1)(B) and (c)(1)(C) are grammatically and conceptually incomplete. In other words, the sentences contained in (c)(1)(A) — basic five-year, seven-year brandishing, or ten-year discharging — apply "except to the extent that a greater minimum sentence is otherwise provided by this subsection . . . ."

---

[1]The sentence for second or subsequent convictions increased from "twenty years" to "not less than 25 years." See *supra* Part II.B.

We have scoured the statutory language, yet we find no support for the proposition (advanced by the district court) that subdivision (c)(1)(A)'s "greater minimum sentence" clause applies to the predicate drug trafficking crime or crime of violence of which a particular defendant has been convicted.  Subdivision (c)(1)(A)'s "greater minimum sentence" clause refers only to the firearm-related conduct proscribed either by § 924(c)(1) or "by any other provision of law."  The ten-year mandatory minimum drug sentence at 21 U.S.C. § 841(b)(1)(A) does not govern firearm-related conduct, and therefore does not fall within subdivision (c)(1)(A)'s reference to "any other provision of law."

III

Because we find no ambiguity in the statute's text, we need not attend to our duty to give an ambiguous statute a sensible construction while considering "the purpose, the subject matter and the condition of affairs which led to its enactment." United States v. McAllister, 225 F.3d 982, 986 (8th Cir. 2000) (quoting United States v. S.A., 129 F.3d 995, 998 (8th Cir. 1997)); see also Lambur v. Yates, 148 F.2d 137, 139 (8th Cir. 1945) (holding that ambiguous statutes must be  construed so as "to effectuate and not destroy the spirit and force of the law and not to render it absurd."); United States v. Warren, 149 F.3d 825, 828 (8th Cir. 1998) (indicating that the rule of lenity applies only when, after examining everything from which aid can be derived (language, structure, legislative history, and motivating policies) the court must still guess as to what Congress intended).

Even if we found the statute ambiguous, however, we would reach the same conclusion about its intended meaning.  The district court's interpretation, which deems the amendment's mention of a "greater minimum sentence" to refer to a sentence for the predicate crime, fails to give the statute a sensible construction.  That construction would punish those guilty of severe offenses more leniently, and those guilty of less severe offenses more stringently, an illogical result.  The most serious drug crimes and

crimes of violence (those already carrying mandatory minimum sentences) *would not* be enhanced by a consecutive firearm sentence despite the fact that a gun was involved. Meanwhile, less serious crimes (to which no minimum mandatory sentences apply) *would* be enhanced by a consecutive firearm sentence when committed with a gun.

Congress amended § 924(c) in response to the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). Bailey held that the "use" language of the pre-1998 version of § 924(c) did not encompass mere possession of a firearm during the commission of a crime; the statute required active employment of the firearm in relation to the predicate offense. Bailey, 516 U.S. at 143. The amendment "fixed" this problem by adding the possession-in-furtherance-of-a-crime language. See *supra* Part II.B. Congressional comments about the 1998 amendment indicate that the statute's original purpose — to enhance *all* sentences for underlying drug crimes or crimes of violence when committed with a gun — remained the same:

> I just want to point out as we close the debate on this that the minimum mandatory sentence in this bill for possession will be 5 years. The minimum mandatory for brandishing the firearm will be 7 years; the minimum mandatory for discharging the firearm in the commission of the offense will be 10 years. Those are *enhancements on top of [any] underlying sentence* for a crime that is committed with a gun, and in the case of a subsequent or second conviction of brandishing or discharging, it is 25 years.

144 Cong. Rec. H10330 (daily ed. Oct. 9, 1998) (statement of Rep. McCollum) (emphasis added).

The legislative history indicates that Congress meant to broaden the reach of the statute, not further restrict it. The 1998 amendment requires a consecutive firearm sentence for a criminal defendant already subject to a greater minimum sentence for his predicate drug crime or crime of violence.

-8-

IV

We reverse and remand for sentencing proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.