**UNITED STATES of America,**

v.

**Johnny WINBUSH, Jr., Defendant.**

**No. 4:02cr49–RH.**

United States District Court,
N.D. Florida,
Tallahassee Division.

April 30, 2003.

Steven L. Seliger, Esq., Garcia & Seliger, Quincy, FL, for defendant.

### *STATEMENT OF REASONS*

HINKLE, District Judge.

The grand jury returned a six-count indictment against defendant Johnny Winbush. He entered a guilty plea to three of the six counts, and the other three counts were dismissed. Mr. Winbush pled guilty to conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 (count 4), possession of a firearm in furtherance of the marijuana offense in violation of 18 U.S.C. § 924(c) (count 5), and possession of a firearm as a felon with three prior convictions of violent felony or serious drug offenses in violation of 18 U.S.C. § 924(e) (count 6).

Mr. Winbush was sentenced on April 16, 2003, to a total term of imprisonment of 300 months. This is the mandatory minimum sentence required by sections 924(c) and 924(e), taken together. Mr. Winbush did not contend that a shorter sentence was required, but the government did contend, and the presentence report concluded, that a longer sentence—a sentence of at least 308 months—was required by the United States Sentencing Guidelines. This Statement of Reasons sets forth the basis for the court's conclusion that the guidelines range that would be applicable to all counts combined, if not for the mandatory minimums, would be 262 to 327 months, thus making the range of permissible sentences, in light of the mandatory minimums, a combined total of 300 to 327

months. *See* U.S. Sentencing Guidelines Manual § 5G1.1(c)(2) (2002) (requiring imposition of sentence within range but "not less than any statutorily required minimum sentence").[1]

The starting point of the analysis is the count 5 conviction under § 924(c). For any § 924(c) conviction, there is a mandatory minimum sentence that must be served consecutively to any other sentence. *See* 18 U.S.C. § 924(c)(1)(D)(ii). When, as in the case at bar, the firearm at issue is a short-barrel shotgun, the mandatory minimum term is 10 years. *See* 18 U.S.C. § 924(c)(1)(B)(i).

The United States Sentencing Guidelines address § 924(c) convictions in § 2K2.4. *See* U.S. Sentencing Guidelines Manual § 2K2.4 (2002). Under § 2K2.4(b), the guideline sentence for a § 924(c) conviction is the mandatory minimum sentence, "[e]xcept as provided in" § 2K2.4(c). Section 2K2.4(c) provides:

> If the defendant (1) was convicted of violating section 924(c) ... of title 18, United States Code; and (2) as a result of that conviction (alone or in addition to another offense of conviction), is determined to be a career offender under § 4B1.1 (Career Offender), the guideline sentence shall be determined under § 4B1.1(c). Except for §§ 3E1.1 (Acceptance of Responsibility), 4B1.1, and 4B1.2 (Definitions of Terms Used in Section 4B1.1), Chapters Three and Four

shall not apply to that count of conviction.

U.S. Sentencing Guidelines Manual § 2K2.4(c) (2002).[2] This guideline is precisely applicable in the case at bar: (1) Mr. Winbush was convicted of violating § 924(c); and (2) as a result of that conviction (in addition to the marijuana conviction in count 4), Mr. Winbush is a career offender under § 4B1.1.[3] Thus, under the plain terms of § 2K2.4(c), "the guideline sentence *shall be determined* under § 4B1.1(c)." U.S. Sentencing Guidelines Manual § 2K2.4(c) (2002) (emphasis added).

Under § 4B1.1(c), if the defendant is convicted under § 924(c) and is determined to be a career offender under § 4B1.1(a)—precisely the circumstances in Mr. Winbush's case—then

> the applicable guidelines range *shall be determined* as follows:
>
> (1) If the only count of conviction is 18 U.S.C. § 924(c) ..., the applicable guideline range shall be determined using the table in subsection (c)(3).
>
> (2) In the case of multiple counts of conviction in which at least one of the counts is a conviction other than a conviction for 18 U.S.C. § 924(c) ..., the guideline range shall be the greater of—
>
> (A) the guideline range that results by adding the mandatory mini-

---

**1.** The 2002 Guidelines Manual is applicable because it was in effect at the time of sentencing and does not produce a worse result for the defendant than the manual in effect at the time of the offense. *See* U.S. Sentencing Guidelines Manual § 1B1.11 (2002); *United States v. Bailey*, 123 F.3d 1381 (11th Cir. 1997).

**2.** The portion of the statute omitted in the quotation in the text, as indicated by the ellipses, is a citation to 18 U.S.C. § 929(a), which prohibits use of restricted ammunition. The guidelines discussed in this order consis-

tently treat § 924(c) and § 929(a) in tandem. This order consistently omits the references to § 929(a); that section is not involved in this case.

**3.** Under § 4B1.1, a defendant is a career offender if (1) he was at least 18 years old at the time of the offense of conviction, (2) the instant offense is a crime of violence or controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or controlled substance offense. Mr. Winbush meets these criteria.

mum consecutive penalty required by the 18 U.S.C. § 924(c) . . . count(s) to the minimum and the maximum of the otherwise applicable guideline range determined for the count(s) of conviction other than the 18 U.S.C. § 924(c) . . . count(s); and

(B) the guideline range determined using the table in subsection (c)(3).

(3) *Career Offender Table for 18 U.S.C. § 924(c) . . . Offenders*

| § 3E1.1   Reduction | Guideline Range for the 18 U.S.C. § 924(c) . . . Count(s) |
|---|---|
| No reduction | 360–life |
| 2–level reduction | 292–365 |
| 3–level reduction | 262–327. |

U.S. Sentencing Guidelines Manual § 4B1.1(c) (2002) (italics added; underlining in original).

By its terms, § 4B1.1(c)(1) does not apply in the case at bar, because Mr. Winbush's § 924(c) conviction is not the "only count of conviction." Instead, § 4B1.1(c)(2) applies, because the case involves "multiple counts of conviction in which at least one of the counts is a conviction other than a conviction for 18 U.S.C. § 924(c)." Accordingly, the guideline range "shall be" the greater of the ranges established under subsections (A) and (B) of § 4B1.1(c)(2). And the range so calculated is clearly the combined range applicable to *all* of the counts of conviction; otherwise § 4B1.1(c)(2)(A), which in effect requires that the otherwise applicable ranges for the § 924(c) conviction, on the one hand, and the non § 924(c) convictions, on the other hand, be added together, would make no sense.

Calculating the range under § 4B1.1(c)(2)(B) is easy. That section simply incorporates by reference the table set forth in § 4B1.1(c)(3), which provides an express range applicable to any defendant based on whether the defendant qualifies for no reduction, a two-level reduction, or a three-level reduction for acceptance of responsibility. *See* U.S. Sentencing Guidelines Manual § 3E1.1 (2002). Mr. Winbush timely accepted responsibility for his offenses within the meaning of § 3E1.1 and is entitled to a three-level reduction. His range under § 4B1.1(c)(3)—the range incorporated by reference into § 4B1.1(c)(2)(B)—is therefore 262 to 327 months.

Calculating the range under § 4B1.1(c)(2)(A) is more difficult. The range is 120 months higher than "the otherwise applicable guideline range determined for the count(s) of conviction other than the 18 U.S.C. § 924(c)" count. This means counts 4 and 6.

The "otherwise applicable guideline range" for counts 4 and 6 is calculated by grouping these offenses. *See* U.S. Sentencing Guidelines Manual § 3D1.2(c) (2002) (requiring grouping of counts "[w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts"). Possession of a firearm is a specific offense characteristic under the marijuana guideline applicable to count 4, *see* U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2002), and commission of another felony is a specific offense characteristic under the felon-in-possession guideline applicable to count 6, *see* U.S. Sentencing Guidelines Manual § 2K2.1(b)(5). Under § 3D1.3(a), the guideline for counts grouped under § 3D1.2(c) is the highest guideline for any of the separate counts comprising the group, in this case, the felon-in-possession guideline applicable to count 6.

The felon-in-possession guideline is set forth in § 2K2.1. Mr. Winbush's base of-

fense level is 26, because the firearm he possessed was a short-barrel shotgun. *See* U.S. Sentencing Guidelines Manual § 2K2.1(a)(1) (2002). As set forth in the presentence report, this is increased two levels for reckless endangerment during flight, *see* U.S. Sentencing Guidelines Manual § 3C1.2 (2002), increased two levels for Mr. Winbush's leadership role, *see* U.S. Sentencing Guidelines Manual § 3B1.1(c) (2002), and decreased three levels for timely acceptance of responsibility, *see* U.S. Sentencing Guidelines Manual § 3E1.1 (2002).[4] The total offense level thus is 27. Mr. Winbush's criminal history category is V.[5] The guidelines range applicable to offense level 27, criminal history category V, is 120 to 150 months.

This is "the otherwise applicable guideline range determined for the count(s) of conviction other than the 18 U.S.C. § 924(c)" count, as that term is used in § 4B1.1(c)(2)(A). It should be noted that, in reaching this conclusion, § 4B1.4 has *not* been applied. That section sets forth the guidelines range applicable to an "armed career criminal," defined as a defendant who has been convicted under 18

U.S.C. § 924(e). Mr. Winbush was convicted in count 6 under § 924(e) and is thus an "armed career criminal," but he was also convicted, in count 5, under § 924(c). When a defendant is convicted under *both* § 924(c) and § 924(e), the specific provisions addressing a defendant who is a career offender as a result of having been convicted under both § 924(c) and any other statute kick in. Thus, as set forth above, § 2K2.4(c) specifically directs that such a defendant's guidelines range "shall be" determined under § 4B1.1(c). Application note 5 to § 2K2.4(c) makes clear that in applying § 4B1.1(c), the court must *not* apply § 4B1.4. The application note states:

> In determining the guideline sentence for those cases covered by subsection (c): (A) the adjustment in § 3E1.1 (Acceptance of Responsibility) may apply, as provided in § 4B1.1(c); and (B) no other adjustments in Chapter Three and *no provisions of Chapter Four, other than §§ 4B1.1 and 4B1.2, shall apply.*

U.S. Sentencing Guidelines Manual § 2K2.4, cmt. n. 5 (2002) (emphasis added). The mandate that "no provisions of Chapter Four, other than §§ 4B1.1 and 4B1.2,

---

**4.** Mr. Winbush has made no claim that the increases for reckless endangerment and role in the offense were improper. Application Note 5 to § 2K2.4 says that in applying § 4B1.1(c), no adjustments should be made under Chapter Three. *See* U.S. Sentencing Guidelines Manual § 2K2.4, cmt. n. 5 (2002). Whether this means that no such adjustments should be made in calculating the "otherwise applicable guideline range" under § 4B1.1(c)(2)(A) may be unclear. Because there were no objections, and because in any event the sentence in the case at bar would be the same even if the issue were resolved differently, *see infra* note 7, I do not address the matter.

**5.** Mr. Winbush is a "career offender" as defined in § 4B1.1. Subsection (b) of that section states: "A career offender's criminal history category in every case *under this sub-*

*section* shall be Category VI." U.S. Sentencing Guidelines Manual § 4B1.1(b) (2002) (emphasis added). During the sentencing hearing, I incorrectly indicated that, based on this provision, Mr. Winbush's criminal history category is VI, even though his actual criminal history points place him category V. My analysis during the sentencing hearing overlooked the words "under this subsection." Because Mr. Winbush's offense level is not properly calculated "under this subsection"—that is, under § 4B1.1(b)—the automatic category VI provision is inapplicable by its terms, and Mr. Winbush retains his category V rating. But this does not matter, because, as expressly noted at the sentencing hearing, whether Mr. Winbush is category V or VI ultimately makes no difference in the determination of the sentence. *See infra* note 7.

shall apply," squarely addresses precisely the issue in the case at bar and means what it says: § 4B1.4 does not apply.[6]

Under § 4B1.1(c)(2)(A), the low and high ends of "the otherwise applicable guideline range determined for the count(s) of conviction other than the 18 U.S.C. § 924(c)"—120 to 150 months—are increased by the mandatory minimum consecutive sentence required by 18 U.S.C. § 924(c)—in this case 120 months—producing a combined overall range for all counts of 240 to 270 months. This is less than the 262 to 327 months range provided in the table set forth in § 4B1.1(c)(3) and incorporated into § 4B1.1(c)(2)(B), *see supra* at 5–6, so the range determined under § 4B1.1(c) is 262 to 327 months.[7]

The guidelines do not, however, authorize imposition of a sentence below the mandatory minimum. *See* U.S. Sentencing Guidelines Manual § 5G1.1(c)(2) (2002). Because, as both sides agree, the combined mandatory minimum in the case at bar is 300 months, the actual range authorized under the guidelines is 300 to 327 months.[8]

---

6. This conclusion makes sense and accords with the overall structure of the guidelines dealing with offenses of this type. The armed career criminal guideline ranges under § 4B1.4, on the one hand, and the career offender guideline ranges under § 4B1.1, on the other hand, closely track one another. Thus, for example, the range for an armed career criminal under § 4B1.4(b) is the greatest of three alternatives, one of which is the offense level from § 4B1.1. Under § 4B1.1(b), for an offense with a statutory maximum of life, the offense level is 37 less any reduction for acceptance of responsibility, and the criminal history category is VI. The range is thus 360 to life (if there is no reduction for acceptance), 292 to 365 (with a two-level reduction for acceptance), and 262 to 327 (with a three-level reduction for acceptance). When such a defendant has a § 924(c) conviction, § 4B1.1(b) does not apply; instead, § 4B1.1(c) governs. Under § 4B1.1(c), the range is, at a minimum, the range set forth in the table in § 4B1.1(c)(3). The range set forth in that table is precisely the same as the lowest range applicable under § 4B1.4(b), with its cross-reference to § 4B1.1(b), for a defendant with a statutory maximum of life: 360 to life (if there is no reduction for acceptance), 292 to 365 (with a two-level reduction for acceptance), and 262 to 327 (with a three-level reduction for acceptance). This precise match between § 4B1.4(b) and § 4B1.1(c)(3) is not a coincidence; these provisions are mirror images, intended to ensure that defendants in comparable circumstances receive comparable sentences. To assert that these parallel provisions should be compounded, rather than viewed as alternative ways to reach similar results, is incorrect. Moreover, such an approach would be circular: § 4B1.4 refers to the guidelines range under § 4B1.1, but to calculate the range under § 4B1.1(c) one would need to know the range under § 4B1.4. *Compare* U.S. Sentencing Guidelines Manual § 4B1.4(b)(2) (2002) (stating that the range under § 4B1.4 is the greatest of three alternatives including "the offense level from § 4B1.1 (Career Offender) if applicable") with *id.* § 4B1.1(c)(2)(A) (calling for calculation of guidelines range based in part on the "otherwise applicable guidelines range" determined for counts of conviction other than under § 924(c)). Application note 5 to § 2K2.4 breaks the circle: the range under § 4B1.1(c) is determined without application of § 4B1.4.

7. The 262 to 327 months range from the table would remain greater than the "otherwise applicable range" even if Mr. Winbush were placed in criminal history category VI, *see supra* note 5, and even if the Chapter Three enhancements were not applied, *see supra* note 4. Under criminal history category VI, the "otherwise applicable guidelines range" for counts 4 and 6 would be 130 to 162 months, which, when added to the 120 month mandatory minimum, would produce a combined range of 250 to 282 months. If the Chapter Three enhancements were not applied, the "otherwise applicable range" would be lower.

8. The introductory phrase of § 924(c) says that the mandatory minimum sentences provided in that subsection apply "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law." 18 U.S.C. § 924(c)(1)(A). In Mr. Winbush's case, § 924(e) provides a greater minimum sen-

I have determined that the appropriate sentence within that range is 300 months. The 300 month sentence is "sufficient," and a greater sentence is not "necessary," to comply with the statutorily-defined purposes of sentencing. 18 U.S.C. § 3553(a). As appropriate in these circumstances, the total sentence has been allocated as 60 months (the statutory maximum) on count 4, 180 months concurrent (the statutory minimum) on count 6, and 120 months consecutive (the statutory minimum) on count 5. This sentence was imposed in open court and has been confirmed this date by separate written judgment.

tence (15 years) than the minimum sentence required by § 924(c) (10 years). But the § 924(e) sentence is for a different offense (possession of a firearm as a felon three times convicted of violent or serious drug offenses) than the offense at issue in § 924(c) (possession of a firearm *in furtherance of* a crime of violence or drug trafficking offense). Mr. Winbush concedes that in his case there is a 10–year mandatory sentence under § 924(c) and a separate 15–year mandatory sentence under § 924(e), notwithstanding the introductory phrase of § 924(c). *See United States v. Studifin*, 240 F.3d 415, 421–24 (4th Cir.2001); *United States v. Alaniz*, 235 F.3d 386 (8th Cir.2000).