# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2761

_____

United States of America,      *
     *
          Appellee,      *
     *     Appeal from the United States
      v.      *     District Court for the
     *     Northern District of Iowa.
Enrique Aragon-Hernandez,      *
     *     [UNPUBLISHED]
          Appellant.      *

_____

Submitted: June 9, 2008
Filed: June 12, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A jury found Enrique Aragon-Hernandez guilty of one count of conspiring to distribute 500 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; two counts of aiding and abetting the distribution of 50 grams or more of a methamphetamine mixture, in violation of section 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2; and one count of possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court[1] sentenced him to a total of 211 months in prison and 5 years of supervised release.

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

On appeal, Aragon-Hernandez argues that the evidence was insufficient to support the verdict on the section 924(c)(1)(A) firearm count, and that, under the plain meaning of the statute, the government was required to prove an overt act in order to establish his possession of the firearm in furtherance of a drug-trafficking crime.

Viewing the evidence in the light most favorable to the government, as we must, we cannot say that a reasonable juror must have harbored a reasonable doubt regarding an essential element of the offense. See United States v. Birdine, 515 F.3d 842, 844 (8th Cir. 2008) (standard of review); United States v. Sanchez-Garcia, 461 F.3d 939, 946-47 (8th Cir. 2006) (to secure conviction under § 924(c)(1)(A), government must present evidence from which reasonable juror could find nexus between defendant's possession of charged firearm and drug crime, such that this possession had effect of furthering, advancing, or helping forward drug crime).

We also find no merit to Aragon-Hernandez's argument that section 924(c)(1)(A) requires proof of an overt act. See United States v. Alaniz, 235 F.3d 386, 389 (8th Cir. 2000) (possession-in-furtherance-of-a-crime language in § 924(c)(1)(A) does not require active employment of firearm in relation to predicate offense).

Accordingly, we affirm the judgment of the district court.

_____