# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3260

_____

United States of America,

      Appellee,

v.

Matthew Allan Acosta,

      Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Southern District of Iowa.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: June 8, 2009
Filed: June 29, 2009

_____

Before MURPHY, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Matthew Acosta was convicted of trafficking in fifty grams or more of crack cocaine and possessing firearms in furtherance of drug trafficking. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A); 18 U.S.C. § 924(c). The drug offense carried a minimum sentence of ten years, *see* 21 U.S.C. § 841(b)(1)(A), and the firearms offense carried a minimum sentence of five years, *see* 18 U.S.C. § 924(c)(1)(A)(i); the district court[1] imposed the minimum sentence on both counts and ordered the sentences to run consecutively, *see* 18 U.S.C. § 924(c)(1)(D). Although 18 U.S.C. § 924(c)(1)(A)

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

clearly requires that sentences imposed for acts that it proscribes be "in addition to" the sentence for the relevant predicate offense, Mr. Acosta nevertheless argues that this provision does not apply if the predicate offense carries a minimum sentence greater than the one to which his firearms offense subjected him. He bases his argument on the prefatory language in § 924(c)(1)(A) that makes the section inapplicable if "a greater minimum sentence is otherwise provided." He maintains that since his predicate drug offense carried a greater mandatory minimum sentence than § 924(c)(1)(A) provides, the latter is inapplicable.

We have, as Mr. Acosta recognizes, already rejected the argument that he advances, on the ground that the prefatory language is referring only to minimum sentences for the firearms-related conduct that § 924(c)(1) or some other statute proscribes. *See United States v. Alaniz*, 235 F.3d 386, 388-89 (8th Cir. 2000), *cert. denied*, 533 U.S. 911 (2001). Our *Alaniz* case specifically held that § 924(c)(1)(A) "requires a consecutive firearms sentence for a criminal defendant already subject to a greater minimum sentence for his predicate drug crime or crime of violence." *Id.* at 390.

The *Alaniz* case is carefully and convincingly reasoned and has in fact been followed in a number of circuits. *See*, *e.g.*, *United States v. Jolivette*, 257 F.3d 581, 586-87 (6th Cir. 2001). We are bound in any event by our previous holding since only the court en banc has the power to overrule it. *See United States v. Caldwell*, 339 F.3d 680, 681 (8th Cir. 2003).

Affirmed.

_____