**UNITED STATES of America**

v.

**Joseph Orsini MITCHELL, Defendant.**

**No. 1:02cr503.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Feb. 24, 2010.

Kimberly Riley Pedersen, U.S. Attorneys, Alexandria, VA, for Plaintiff.

Glen Allen Trimper, Alexandria, VA, for Defendant.

## MEMORANDUM OPINION

T.S. ELLIS, III, District Judge.

This criminal sentencing matter presents an issue, currently being considered by the Supreme Court, concerning the proper interpretation of the mandatory minimum sentencing provisions of 18 U.S.C. § 924(c). Defendant, Joseph Orsini Mitchell, pled guilty (i) to a drug trafficking conspiracy charge, and (ii) to using a firearm during the drug trafficking conspiracy in violation of § 924(c). At issue on sentencing is whether the § 924(c) mandatory minimum sentence applies where, as here, the predicate drug trafficking conspiracy offense carries a higher mandatory minimum sentence than the § 924(c) offense. For the reasons set forth herein, the drug trafficking conspiracy and § 924(c) mandatory minimum sentences both apply and must be served consecutively.

### I.

On September 26, 2002, defendant was charged on a three-count indictment alleging (i) conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846, (ii) distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841, and (iii) use of a firearm during the drug trafficking offense charged in Count 1 in violation of 18 U.S.C. § 924(c). The indictment alleged that defendant and his two co-conspirators, Bruce Ickes and defendant's brother, Salahudin Mitchell, conspired to obtain cocaine base, commonly known as crack cocaine, in New York, and to sell the drugs in the Eastern District of Virginia and elsewhere. Pursuant to a plea agreement, on November 12, 2009, defendant pled guilty to Counts 1 and 3, and Count 2 was dismissed.[1] Thereafter, the probation officer prepared a presentence report correctly calculating defendant's criminal history category, offense level, and guidelines range.

Count 1, the drug conspiracy charge, carries a ten year mandatory minimum sentence, see 21 U.S.C. §§ 841(b)(1)(A), 846, while Count 3, the § 924(c) charge, carries a five year mandatory minimum

---

1. Defendant was a fugitive until he was arrested following a routine traffic stop in Florida on August 21, 2009.

sentence, *see* 18 U.S.C. § 924(c)(1)(A)(i). Defendant, citing *United States v. Williams,* 558 F.3d 166 (2d Cir.2009), argues that § 924(c)'s minimum sentence requirement does not apply when the predicate offense underlying the § 924(c) violation carries a greater mandatory minimum sentence. Thus, defendant contends that a sentence should be imposed on Count 3 pursuant to 18 U.S.C. § 3553 and irrespective of § 924(c)'s mandatory minimum sentence provision. The matter was fully briefed, and oral argument was heard on January 29, 2010. This Memorandum Opinion records and further elucidates the reasons for the January 29, 2010 bench ruling in this matter.

## II.

■ Distilled to its essence, the issue presented is whether the prefatory clause of § 924(c)(1)(A) renders inapplicable the statute's minimum sentence requirements where, as here, the defendant is also convicted of a predicate offense that carries a greater mandatory minimum sentence than those called for by § 924(c). Section 924(c)(1)(A) provides, in pertinent part, as follows:

> *Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law,* any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a

firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

> (i) be sentenced to a term of imprisonment of not less than 5 years;

> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added). Subparts (B) and (C) of § 924(c)(1) provide enhanced penalties for § 924(c) violations in certain circumstances, none of which is present here.[2] Subpart (D) specifies that "[n]otwithstanding any other provision of law," (i) defendants convicted of § 924(c) violations are not eligible for probation, and (ii) terms of imprisonment for § 924(c) violations must run consecutively with terms of imprisonment for any other offenses, including predicate offenses.

Defendant argues that the "except" clause nullifies § 924(c)(1)(A)'s mandatory minimum sentence requirements because his drug trafficking conspiracy conviction carries with it a "greater minimum sentence"—ten years—than the five-year sentence for his § 924(c) conviction. The Fourth Circuit considered and rejected this argument in *United States v. Studifin,* 240 F.3d 415 (4th Cir., 2001). In *Studifin,* the defendant was convicted (i) of robbery under the Hobbs Act, 18 U.S.C. § 1951, (ii) of possession of a firearm by a convicted felon in violation of the Armed Career

---

**2.** Specifically, § 924(c)(1)(B) imposes a mandatory minimum sentence of (i) ten years if the firearm possessed during the violation is a short-barreled rifle or shotgun, or a semiautomatic assault weapon, and (ii) thirty years if the firearm is a machine gun or "destructive device," or if it is equipped with a silencer or

muffler. Additionally, § 924(c)(1)(C) imposes a mandatory minimum sentence for a second or subsequent conviction of (i) twenty-five years, or (ii) if the firearm possessed during the violation is a machine gun or "destructive device," or if it is equipped with a silencer or muffler.

Criminal Act, 18 U.S.C. § 922(g)(1) ("ACCA"), and (iii) of using a firearm in furtherance of a crime of violence in violation of § 924(c). 240 F.3d at 417. Studifin's ACCA conviction carried a fifteen year mandatory minimum sentence and the § 924(c) conviction carried a seven year mandatory minimum sentence. *Id.* at 418. The defendant argued on appeal that the § 924(c) mandatory minimum should not have been applied to him because his ACCA mandatory minimum sentence was a "greater minimum sentence" that triggered the "except" clause. *Id.* at 420. The Fourth Circuit disagreed and instead followed the rationale of the Eighth Circuit in *United States v. Alaniz,* 235 F.3d 386 (8th Cir.2000), concluding that the language and structure of § 924(c)(1)(A) does not support Studifin's interpretation. *Id.* at 422. To the contrary, the Fourth Circuit held that the "except" clause applies only to provisions applying a greater minimum sentence to the § 924(c) violation itself, not to predicate offenses. *Id.*

Nearly every court of appeals to consider the question has agreed with the Fourth and Eighth Circuits that § 924(c)'s minimum sentence requirements apply notwithstanding that convictions for predicate offenses impose greater mandatory minimum sentences.[3] The sole exception is the Second Circuit, which held, in *United States v. Williams,* 558 F.3d 166, 170 (2d Cir.2009) and *United States v. Whitley,* 529 F.3d 150, 158 (2d Cir.2008), that the "except" clause, by its plain meaning, applies to predicate offenses including convictions for crimes of violence and drug traf-

ficking offenses. On January 25, 2010, apparently in order to resolve this dispute among the circuits, the Supreme Court granted certiorari in *United States v. Abbott,* 574 F.3d 203 (3d Cir.2009), an opinion that closely tracks the Fourth Circuit's analysis and conclusion in *Studifin.*[4] Because it is a published Fourth Circuit opinion that squarely addresses the point in issue, *Studifin* is binding here. *See Fernandez v. Keisler,* 502 F.3d 337, 343 n. 2 (4th Cir.2007). But, as the following section explains, *Studifin* is not just controlling; it also correctly interprets § 924(c)(1)(A).

### III.

■■■ As the Second Circuit noted in *Whitley,* if a disputed statutory provision has a plain and unambiguous meaning, then the interpretation giving effect to that meaning must be adopted and the statutory construction inquiry ends. 529 F.3d at 156; *see Robinson v. Shell Oil Co.,* 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). If the relevant language is ambiguous, then courts "are left to resolve that ambiguity" by (i) considering the context in which the disputed language is used, (ii) considering the purpose and structure of the statute in issue, and (iii) applying any applicable interpretive canons. *Id.* at 345, 117 S.Ct. 843; *see United States v. Monsanto,* 491 U.S. 600, 611, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989). Thus, the analysis proceeds in two steps: first, it must be determined whether the "except" clause is ambiguous, and second, if it is ambiguous, the ambiguity must be re-

---

**3.** *See United States v. Segarra,* 582 F.3d 1269, 1272 (11th Cir.2009); *United States v. Abbott,* 574 F.3d 203, 208–09 (3d Cir.2009), *cert. granted,* —— U.S. ——, 130 S.Ct. 1284, —— L.Ed.2d —— (2010); *United States v. London,* 568 F.3d 553, 564 (5th Cir.2009); *United States v. Pulido,* 566 F.3d 52, 65 (1st Cir. 2009), *United States v. Easter,* 553 F.3d 519, 525 (7th Cir.2009); *United States v. Jolivette,*

257 F.3d 581, 586–87 (6th Cir.2001). *But see United States v. Williams,* 558 F.3d 166, 170 (2d Cir.2009); *United States v. Whitley,* 529 F.3d 150, 158 (2d Cir.2008).

**4.** *See Abbott v. United States,* —— U.S. ——, 130 S.Ct. 1284, —— L.Ed.2d —— (2010) (Order granting certiorari).

solved through examination of § 924(c)'s purpose and structure and application of interpretive canons.

### A.

In *Whitley* and *Williams,* the Second Circuit held that § 924(c)(1)(A)'s prefatory clause, by its terms, unambiguously renders the statute's mandatory minimum sentences inapplicable where the predicate offense carries a higher minimum sentence.[5] The language's "literal meaning," *Whitley* held, required that the clause was triggered, and § 924(c)'s mandatory minimum sentences nullified, where a conviction on the predicate offense would carry a longer mandatory minimum sentence. The *Whitley* opinion further criticizes *Studifin* for "[t]he judicial insertion of the word 'consecutive' into the legislative language." 529 F.3d at 157. This argument misapprehends *Studifin* and misreads the "except" clause to apply, by its literal terms, to sentences for predicate offenses.

In reality, it is the Second Circuit's interpretation that requires "judicial insertion" of legislative language, as the prefatory clause itself does not refer to predicate offenses; rather, it refers simply to sentences "otherwise provided by this subsection or by any other provision of law." The clause therefore refers explicitly to greater minimum sentences requirements contained elsewhere within § 924(c)—all of which refer, of course, to sentences for § 924(c) offenses and not to sentences for predicate offenses—but it does not specify the offenses to which the "any other provision of law" phrase applies. By its literal terms, the phrase could be read to apply to *any* offense, including a predicate offense of which the defendant was convicted, but also to an offense having nothing whatever to do with the alleged § 924(c) violation. The *Williams* court, recognizing the absurdity of such an interpretation, applied a judicial gloss limiting application of the "except" clause to "predicate offenses ... arising from the same criminal transaction or operative set of facts" as the § 924(c) violation. 558 F.3d at 171.[6] Thus, the dispute is not—as the *Whitley* court framed it—between the literal terms of the clause on the one hand and a judicial gloss requiring "the insertion of words into a statute" on the other. 529 F.3d at 157 n. 5.[7] Instead, the ques-

---

**5.** It is worth noting that the *Williams* panel emphasized that it was "bound by our own precedent" in *Whitley* concerning the interpretation of the prefatory clause. 558 F.3d at 170. Accordingly, the *Williams* opinion does not undertake independently to construe the disputed clause, but rather, it accepts the *Whitley* panel's interpretation as the starting point to the analysis and concludes that the outcome is no different where the predicate offense is a drug trafficking offense—as in *Williams*—instead of an ACCA violation—as in *Whitley*. *Id.* Thus, only one panel of the Second Circuit—the *Whitley* panel—has interpreted the "except" clause to apply to predicate offenses.

**6.** *See Williams,* 558 F.3d at 171–72 (internal citations omitted):
In holding that the "except" clause includes sentences for predicate offenses, we do not

hold that the "except" clause is unbounded.... [I]t is natural to read "any other provision of law" to include the penalty for the "crime of violence or drug trafficking crime," so long as the firearm was possessed "during and in relation to" or "in furtherance of that predicate offense. In other words, the "except" clause includes minimum sentences for predicate statutory offenses arising from the same criminal transaction or operative set of facts. An interpretation of "any other provision of law," to include, for example, provisions under which a defendant was already sentenced for a prior unrelated crime in a previous case, would be suspect."

**7.** *See Abbott,* 574 F.3d at 211 (criticizing *Whitley* 's "plain meaning" analysis on similar grounds).

tion, properly stated, is which gloss is more plausible—(i) the interpretation of the majority of circuits limiting the operation of the "except" clause to provisions that impose greater mandatory minimum sentences for § 924(c) violations, or (ii) the Second Circuit's interpretation limiting the clause to provisions that impose greater mandatory minimum sentences either for § 924(c) violations or for transactionally related predicate offenses. When this question is correctly framed, it is clear that this disagreement cannot be resolved by the plain language of the clause. In other words, the "except clause" is infected with ambiguity, the cure for which is a thoroughgoing interpretive analysis requiring consideration of the structure and purpose of § 924(c) and application of traditional canons of statutory interpretation, particularly the well established canon prohibiting interpretations that would produce absurd results.

### B.

The circuits reaching the result reached here have focused on the structure and purpose of § 924(c). *See, e.g., Abbott,* 574 F.3d at 207–08; *Studifin,* 240 F.3d at 421–24; *Alaniz,* 235 F.3d at 388–89. Importantly, the context and purpose of the prefatory clause's 1998 insertion into § 924(c)(1) is persuasive evidence of the clause's meaning. Prior to the 1998 amendment, § 241(c)(1) was a single, undivided 241–word paragraph containing all of § 924(c)'s substantive provisions. *See* 18 U.S.C. § 924(c)(1) (1996). The pre–1998 version did not contain the prefatory clause, but instead stated that whoever committed the prohibited conduct was subject to a specified mandatory minimum sentence. *See id.* The provision further specified (i) that the length of the mandatory minimum sentence was subject to an enhancement based on the nature of the firearm used, (ii) that § 924(c) violators

were not probation-eligible, and (iii) that prison sentences for § 924(c) violations must run consecutively to any other terms of imprisonment. *See id.* The changes to § 924(c) effected by the 1998 amendment were both substantive and structural. Substantively, the amendment added two new categories of enhancements to the base five year mandatory minimum: (i) seven and ten year minimum sentences for brandishing and discharging a firearm, respectively, and (ii) minimum sentences of twenty-five years or life, depending on the type of firearm involved, for a second or subsequent § 924(c) offense. *Compare id. with* § 924(c)(1) (1998). Thus, the substantive impact of the 1998 amendment to § 924(c) was to increase the number of circumstances in which a defendant convicted of a § 924(c) violation would be subject to an enhanced minimum sentence.

Structurally, the amendment accounted for the increased complexity of § 924(c)'s sentencing regime by dividing § 924(c)(1) into four subparts. Under the subsection as amended, subpart (A) provides minimum sentences for § 924(c) violations based on the firearm-related conduct (i.e., five years if the firearm is carried, seven years if brandished, and ten years if discharged). Subpart (B) provides minimum sentences based on the nature of the firearm, and subpart (C) provides minimum sentences for repeat § 924(c) offenders. In this context, and with the additional context of subpart (D)'s requirement that terms of imprisonment run consecutively, it is clear that the prefatory clause in subpart (A) was inserted for the purpose of clarifying that the mandatory minimum sentences provided in subparts (A), (B), and (C) should be applied disjunctively, and not conjunctively. Put differently, the prefatory clause was inserted to signal to sentencing courts that they should apply only the single greatest applicable mandatory minimum sentence provided for a

§ 924(c) violation. This is the clear design and purpose of the prefatory clause, and the "any other provisions" phrase is nothing more, in the *Studifin* court's words, than a "safety valve that would preserve the applicability of any other provisions that could impose an even greater mandatory minimum consecutive sentence for a violation of § 924(c)." 240 F.3d at 423.

Importantly, nothing in the structure or purpose of the statute evinces a legislative intent for the applicability of § 924(c)'s mandatory minimum sentences to hinge on the length of the mandatory sentence for the predicate offense.[8] Violation of § 924(c) is a criminal offense independent of the predicate offense and, indeed, there is no requirement that the defendant even be charged with the predicate offense.[9] *See Studifin*, 240 F.3d at 419–20. No other provision of § 924(c) can plausibly be read to make a term of imprisonment for a § 924(c) violation contingent in any way on the nature of the predicate offense and, indeed, subpart (D) specifies that, "[n]otwithstanding any other provision of law," terms of imprisonment for § 924(c) violations must run consecutively to any other term of imprisonment, including a prison sentence for the predicate offense. The general policy of § 924(c), therefore, is for offenders to be subject to mandatory prison sentences separate and distinct from any terms of imprisonment for predicate offenses. To conclude that the prefatory clause applies to predicate offenses would be to reverse this policy, a reversal not supported by the language of the provision.

Moreover, this conclusion also follows from the incongruity that would obtain by applying the Second Circuit's interpretation. It is well established that interpretations that "would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982). In this case, as the courts adopting the majority interpretation have noted, reading the prefatory clause to apply to predicate offenses would result, in some instances, in greater sentences for lesser offenses than for grave offenses.[10] A two-defendant hypothetical aptly demonstrates the fundamental problem with the Second Circuit's approach. First, assume that Defendant A is convicted (i) of a drug trafficking offense subject to a ten year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A), and (ii) of a § 924(c) violation subject to a seven year mandatory minimum sentence pursuant to § 924(c)(1)(A)(ii). Under the Second Circuit's interpretation, because the mandatory minimum sentence for the drug trafficking offense is a "greater minimum sentence" than that provided by § 924(c), the § 924(c) mandatory minimum sentence would not apply and Defendant A would be subject only to the ten year mandatory minimum sentence for the drug trafficking offense. Second, assume that Defendant B is convicted (i) of a drug trafficking offense subject to a five-year mandatory minimum pursuant to § 841(b)(1)(B), and (ii) of a § 924(c) violation subject to § 924(c)(1)(A)(ii)'s seven year mandatory minimum sentence. In this case, because the mandatory mini-

---

8. *See Whitley*, 529 F.3d at 155 (stating merely that its interpretation of the prefatory clause is not "inconsistent" with "a congressional purpose . . . to enhance firearms penalties").

9. Of course, because commission of the predicate offense is an essential element of § 924(c), the predicate offense would, in any event, have to be proved beyond a reasonable doubt.

10. *See, e.g., Abbott*, 574 F.3d at 209 (citing cases); *Studifin*, 240 F.3d at 422; *Alaniz*, 235 F.3d at 389.

**672**

mum for the drug trafficking offense is less than the mandatory minimum sentence for the § 924(c) violation, the "except" clause is not triggered, and the minimum sentences must be served consecutively pursuant to subpart (D). Thus, whereas Defendant A would be subject to a ten year mandatory minimum sentence. Defendant B, whose predicate offense is less serious in Congress's estimation, would be subject to a mandatory minimum term of twelve years' imprisonment. This absurd result is avoided by adopting the more plausible interpretation of the prefatory clause, an interpretation clearly supported by the language, purpose, and structure of § 924(c). Thus, application of the canon requiring avoiding absurd results if "alternative interpretations ... are available," *Griffin,* 458 U.S. at 575, 102 S.Ct. 3245, makes it pellucidly clear that the interpretation adopted by the majority of circuits is the correct reading of the prefatory clause.

### IV.

In summary, upon consideration of the arguments raised by the Second Circuit's contrary holdings in *Whitley* and *Williams,* the Fourth Circuit's binding decision in *Studifin* remains persuasive. Accordingly, the mandatory minimum sentences for defendant's drug trafficking conspiracy and § 924(c) offenses both apply and must be served consecutively.