RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2001 FED App. 0220P (6th Cir.)
File Name: 01a0220p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

FABIEN MIGUEL JOLIVETTE,
  *Defendant-Appellant.*

No. 99-6492

>

———————————

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 98-10033—James D. Todd, Chief District Judge.

Argued: November 2, 2000

Decided and Filed: July 13, 2001

Before: KRUPANSKY, BATCHELDER, and GILMAN,
Circuit Judges.

———————————

**COUNSEL**

**ARGUED:** Michael M. Losavio, Louisville, Kentucky, for
Appellant. Tony R. Arvin, ASSISTANT UNITED STATES
ATTORNEY, Memphis, Tennessee, for Appellee.
**ON BRIEF:** Michael M. Losavio, Louisville, Kentucky, for
Appellant. Tony R. Arvin, Stuart J. Canale, ASSISTANT
UNITED STATES ATTORNEYS, Memphis, Tennessee, for
Appellee.

1

_____

### OPINION

_____

ALICE M. BATCHELDER, Circuit Judge.  The Appellant Fabien Miguel Jolivette appeals the sentence imposed after he pled guilty to charges of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); and carrying and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).  Jolivette claims that the imposition of consecutive sentences for the armed bank robbery conviction and for the firearm conviction violates the Fifth Amendment's protection against Double Jeopardy.  Because we conclude that the imposition of consecutive sentences for these offenses does not violate the Fifth Amendment, we will affirm the judgment of the district court.

### I.

On the morning of June 19, 1998, Jolivette, armed with a nine-millimeter pistol, hid with two similarly armed co-defendants in the woods near a bank and waited for the bank employees to arrive.  When the bank opened, the trio entered, tied up the employees and stole money from the safe.  The robbery was foiled by a bank customer who walked in, saw what was going on and left to call the police.  Realizing that the police were en route, the defendants fled into the woods with an undetermined amount of money.  Later that day, the police searched the woods and found Jolivette and his co-defendants.  The exact amount of money taken in the heist was never ascertained.

Jolivette pled guilty to a three-count indictment charging him with conspiracy to commit armed bank robbery, armed bank robbery and using and carrying a firearm during a crime of violence.  The court sentenced him to two concurrent terms for the bank robbery and conspiracy charges, and a consecutive 60 month term for the 18 U.S.C. § 924(c) firearm violation.  The court also sentenced Jolivette to make

Finally, we adopt as well the reasoning of the Fourth Circuit in *Studifin*, and hold that the  imposition of both the guideline sentence for violation of 18 U.S.C. § 2113(a) and (d) and the mandatory consecutive sentence of 18 U.S.C. § 924(c) does not violate the Double Jeopardy Clause.

### IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED as to Jolivette's conviction and term of imprisonment, but VACATED as to the portion of the Judgment requiring restitution.

described in § 924(c). For these reasons, we reject Studifin's interpretation of § 924(c) and conclude that Studifin's sentence does not constitute double jeopardy.

*Studifin*, 240 F.3d at 423-424.

The *Studifin* court relied extensively on an earlier opinion from the Eighth Circuit, *United States v. Alaniz*, 235 F.3d 386 (8th Cir. 2000), which had rejected a similarly broad reading of § 924 (c). In particular, with regard to the same general argument that Jolivette makes before us here, namely that the "greater minimum sentence" language of 21 U.S.C. § 924(c)(1)(A) applies to the predicate offense, the *Alaniz* court said:

We have scoured the statutory language, yet we find no support for the proposition (advanced by the district court) that subdivision (c)(1)(A)'s "greater minimum sentence" clause applies to the predicate drug trafficking crime or crime of violence of which a particular defendant has been convicted. Subdivision (c)(1)(A)'s "greater minimum sentence" clause refers only to the firearm-related conduct proscribed either by § 924(c)(1) or "by any other provision of law." The ten-year mandatory minimum drug sentence at 21 U.S.C. § 841(b)(1)(A) does not govern firearm-related conduct, and therefore does not fall within subdivision (c)(1)(A)'s reference to "any other provision of law."

*Id.* at 389.

We think that the reasoning of *Alaniz* is entirely correct. Neither subsection (a) nor subsection (d) of § 2113 contains a minimum sentence; the sentence prescribed by subsection (a) does not govern firearm-related conduct; and although the sentence prescribed by subsection (d) governs the use of "a dangerous weapon or device," it is not specific to firearms. We hold that the sentences in those subsections do not fall within § 924(c)(1)(A)'s reference to "any other provision of law."

restitution in an amount to be set upon receipt of a report from the probation officer regarding the appropriate amount of restitution.

## II.

Jolivette claims that the district court erred by requiring him to pay an as-yet undisclosed amount of restitution. The government conceded that the restitution was open-ended, and that the sentence should be amended to remove the restitution provision. Neither party raised the question of whether the failure of the district court to set a final amount for the sentence of restitution robs the judgment of finality and deprives this court of jurisdiction to hear the appeal. It is well settled, however, that an appellate court must satisfy itself of its appellate jurisdiction, even if the question is not raised by the parties. *Wagner v. Burlington Industries, Inc.*, 423 F.2d 1319, 1321 (6th Cir. 1970). Because the jurisdictional issue is inextricably bound to the merits of the restitution order, we will review the two issues together.

A federal court's power to order restitution is circumscribed by statute. Title 18 U.S.C. § 3664(d)(1)(5) provides that if a victim's losses are not ascertainable 10 days prior to sentencing, the court shall set a date within 90 days after the sentencing for the final determination of the losses. In this case, the government concedes that more than 90 days has passed and that no final determination of loss has been made by the district court. The first question before this court then, is whether in the absence of such a determination, Jolivette's conviction and sentence are final for purposes of appeal. Examining the decisions of the Supreme Court and our sister circuits, we conclude that the restitution provision of the sentence is void, and the remainder of the sentence imposed by the district court is a final appealable order.

It is axiomatic that "[f]inality as a condition of review is an historic characteristic of federal appellate procedure." *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (quoting *Cobbledick v. United States*, 309 U.S. 323, 324 (1940)). The Supreme Court has held that "[f]inal judgment in a criminal

case . . . means sentence. The sentence is the judgment." *Corey v. United States*, 375 U.S. 169, 174 (1963) (interior quotes omitted). *See also, United States v. Bratcher*, 833 F.2d 69, 71 (6th Cir. 1987).

*Corey* pre-dated the Sentencing Guidelines, and involved a statute that permitted the sentencing court to commit the defendant to the custody of the Attorney General for the maximum period permitted by law, pending the completion of a presentencing investigation, and, after receipt and study of the investigative report, to affirm the initial sentence or to impose a new and lesser sentence. Relying upon its prior pronouncement that "when discipline has been imposed, the defendant is entitled to review," *Korematsu v. United States*, 319 U.S. 432, 434 (1943), the Court held that the imposition of the initial sentence was "freighted with sufficiently substantial indicia of finality to support an appeal." *Corey*, 375 U.S. at 175 (1963).

The Eighth Circuit has held that a "sentence of probation is a 'final decision' for purposes of appellate review" even when one of the terms of probation is payment of restitution in an undetermined amount. *United States v. McKnight*, 771 F.2d 388, 390 (8th Cir. 1985). The Seventh Circuit reached a similar conclusion regarding a sentence provision that required the defendant to reimburse the government for his court-appointed attorney's fees. *United States v. Gurtunca*, 836 F.2d 283, 285 (7th Cir. 1987). The court reasoned that although the exact amount of repayment was still in question, the sentence "sufficiently satisfie[d] conventional requirements of finality." *Id.,* quoting *Corey*, at 372.

The interests of justice require that the appellate process move as expeditiously as practicable. If a defendant was properly convicted and sentenced, then public policy demands that his punishment be swift and certain. If a defendant was wrongfully convicted, justice requires timely review and corrective action. *See Corey*, 375 U.S. at 172 ("The dominant philosophy embodied in these rules reflects the twin concerns that criminal appeals be disposed of as expeditiously as the

offense characteristics for the offense of robbery, it is clear that Congress did not intend that § 924(c) should be available to enhance the penalty for robbery where a firearm was used. Further, Jolivette argues, once the specific offense characteristics are taken into account in calculating the guideline range for robbery, the minimum penalty for robbery where a firearm was used is greater than the five year enhancement contained in § 924(c).[2]

This claim is likewise without merit. Even if § 924(c)(1)(A) is applicable to Jolivette—that section was added by amendment to § 924 in 1998, several months after Jolivette committed the crimes to which he pled guilty here—no court has read that language as Jolivette asks us to read it. The Fourth Circuit, for example, in *United States v. Studifin*, 240 F.3d 415 (4th Cir. 2001), held that imposition of § 924(c)(1)(A)'s mandatory minimum consecutive sentence in addition to the mandatory minimum sentence required by 18 U.S.C. § 924(e) did not violate the Double Jeopardy Clause. The defendant claimed that his sentence violated the Double Jeopardy Clause because both penalties punished the same conduct, that imposition of both penalties constituted improper double counting under the Sentencing Guidelines, and that the language of § 924(c)(1)(A) sufficed to defeat the presumption that Congress intended to authorize multiple punishments. After examining and rejecting each of these arguments, the court summed up by saying:

> Examining the statute as a whole, particularly in light of the language of § 924(c) and the purpose behind the 1998 amendments, we do not believe that Congress intended to narrow § 924(c) by eliminating mandatory consecutive sentences where another provision imposes a higher mandatory minimum sentence for conduct other than that

---

[2]We note that the Guideline sentence imposed by the district court in this case did not contain any upward adjustment of the base offense level for robbery for the specific offense characteristic of use of a firearm. Jolivette appears to argue only that the availability of the specific offense characteristic requires a finding that § 924(c) may not be applied here.

penalty shall be increased. If no violation of the Double Jeopardy Clause occurred when the sentence required by § 924(c) was imposed consecutively to the sentence for a violation of the carjacking statute that contained as an element the presence of a firearm, clearly no such violation occurs when the § 924(c) sentence is imposed consecutively to the sentence for violation of § 2113(a) and (d), that do not have as an element the presence of a firearm.

The other material difference between 18 U.S.C. § 2113 and 18 U.S.C. § 2119 is that one deals with robbing banks while the other deals with stealing cars. Although the statutes may seem worlds apart to Mr. Jolivette, we find no relevant distinction with regard to the congressional intent to make the penalty for a § 924(c) violation cumulative to the penalty for the more specific offense.

Jolivette also claims that the language of § 924(c) itself prohibits the imposition of the enhancement in this case. Jolivette points to the § 924(c)(1)(A), which provides, in pertinent part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

[remainder of § 924(c)(1)(A) omitted]

He argues that because the Sentencing Guidelines provide greater penalties for robbery committed with a firearm than for robbery committed without a firearm, and because the Guidelines include use of a firearm among the specific

fair and orderly administration of justice may permit, and that the imposition of actual punishment be avoided pending disposition of the appeal."). Jolivette was properly convicted and has not contested any aspect of the trial or pre-trial proceedings. He was also sentenced to a definite period of incarceration and restitution. The only issue remaining for determination is the precise amount of that restitution. Since no question exists regarding the propriety of defendant's conviction, we think that the requirements of *Corey* and *Korematsu* have been met.

The language of the statute pursuant to which Jolivette's sentence of restitution was imposed also points to a conclusion that the judgment in this case is final for purposes of appeal. The statute states that "[a] sentence that imposes an order of restitution is a final judgment notwithstanding the fact that the sentence" can be subsequently corrected, appealed, modified or adjusted. 18 U.S.C. § 3664(o). According to the statute, a correction means the repair of an earlier error. *See* 18 U.S.C. § 3664(o)(1)(A). Modification also presumes a change made to a pre-determined amount. *See* 18 U.S.C. § 3664(o)(1)(B). The amendment and adjustment provisions also cite to specific code sections that allow changes to the earlier restitution amount when the defendant's financial conditions change. *See* 18 U.S.C. § 3664(o)(1)(C-D). These provisions allowing corrections and amendments after a significant period of time has passed but affirming the finality of the sentence, militate strongly in favor of our finding finality in the district court's order.

Most importantly, the statutory deadline for calculating the amount of restitution due has passed. The statute requires that if the probation department is unable to determine the victim's losses prior to the sentencing hearing, the court shall set a final date for such determination, not later than 90 days from the hearing date. 18 U.S.C. § 3664(d)(5). If within 60 days of such determination, the victim discovers further losses, the victim may, upon a showing of good cause, reopen the matter. *Id.* Those time periods having passed, the district court could not now, consistent with the terms of the statute,

set an amount of restitution. In the absence of such an amount, the court cannot specify "the manner in which, and the schedule according to which, the restitution is to be paid . . ." *See* 18 U.S.C. § 3664(f)(1)(B)(2).

We believe that the statute makes clear the congressional intent to prohibit courts from making restitution determinations after the statutory period has run. But even if we found Congress's silence on the issue of what occurs if, as in this case, the court does not make such a determination, we would apply the well-settled rule requiring that any ambiguity in criminal statutes be resolved against the government and in favor of the criminal defendant. *Staples v. United States*, 511 U.S. 600, 619, n. 17 (1994) (rule of lenity requires that "ambiguous criminal statute[s] . . . be construed in favor of the accused").

Accordingly, we hold that when the 90-day clock runs out, the judgment of conviction and sentence, including the restitution provision, becomes final by operation of the statute. We therefore have jurisdiction to review the judgment of conviction and sentence. It follows that because there was no timely judicial determination of the restitution amount, the judgment contains no enforceable restitution provision. *See United States v. Weir*, 861 F.2d 542, 546 (9th Cir. 1988).

### III.

Having determined that we have jurisdiction to review this case, we turn to Jolivette's claim that the imposition of consecutive sentences for violation of 18 U.S.C. § 2113(a) and (d) (armed bank robbery) and 18 U.S.C. § 924(c) (use of a firearm in a felony) violates the Fifth Amendment's protection against double jeopardy. This claim is without merit.

The Supreme Court has held that when Congress authorizes cumulative punishments even for the same offense, the double jeopardy clause is not offended. *Missouri v. Hunter*, 459 U.S. 359, 367-368 (1983). This court tackled the issue of § 924(c)

and cumulative sentencing in the context of the crime of carjacking in *United States v. Johnson*, 22 F.3d 106 (6th Cir. 1994), and recognized that Congress intended that the penalties be cumulative:

" . . . Congress wanted to make sure in § 924(c) that all federal crimes committed with a handgun are enhanced, even though the other more specific crime of violence also requires the presence of a firearm. Congress intended to impose additional punishment for the same conduct, and the double jeopardy clause does not proscribe multiplying the punishment this way . . . Congress in effect said to judges that whatever the punishment is for the more specific violent crime you must add five more years to it when the terms of § 924(c) are met."

*Id.*, at 108 (footnote omitted). Jolivette attempts to distinguish our holding in *Johnson*, claiming that 18 U.S.C. § 2119, the federal carjacking statute at issue in that case, is "entirely different" from 18 U.S.C. § 2113, the bank robbery statute at issue here. Jolivette is right that there is a significant difference between the two statutes, but that difference does not inure to his benefit. At the time that this court decided *Johnson*, the offense of carjacking required the presence of a firearm,[1] something that this court recognized by the language quoted above. The bank robbery statute under which Jolivette was convicted makes no mention of the presence or use of a firearm. A violation of § 2113(a) occurs when the offender "by force and violence, or by intimidation, takes . . . from the person or presence of another, . . ." And § 2113(d) provides that if the offender, in the course of committing the robbery offense, uses a "dangerous weapon or device" to assault or put in jeopardy the life of any person, the

---

[1] That statute has since been amended to eliminate any reference to a firearm; a violation of § 2119 now occurs if the offender "with the intent to cause death or serious bodily harm takes a motor vehicle . . . from the person or presence of another by force and violence or by intimidation . . ."