NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0010n.06
Filed: October 6, 2004

No. 03-2265

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| SOUHAIL HUSSEIN SHOUCAIR, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: KEITH, MOORE, and GILMAN, Circuit Judges.

**RONALD LEE GILMAN, CIRCUIT JUDGE.** Souhail Houssein Shoucair was a conspirator in an identify-theft operation. Following his indictment by a grand jury, Shoucair pled guilty to various counts of theft and fraud. He was sentenced to 30 months in prison and ordered to pay restitution in an amount and to such victims as was "to be determined."

On appeal, Shoucair contends that the district court erred in finding that the parties had not entered into a valid plea agreement. He also challenges his obligation to pay restitution as ordered by the court. For the reasons set forth below, we **AFFIRM** Shoucair's conviction and term of imprisonment, but **VACATE** that portion of the district court's order requiring restitution.

**I. BACKGROUND**

Using the identity of a deceased man, Shoucair obtained credit to purchase department-store merchandise valued at over $20,000, leased two new Cadillac vehicles, sought to obtain $75,000 in cash advances, and attempted to cash $230,000 in checks drawn on the decedent's bank accounts. He was subsequently indicted for conspiring to commit federal crimes, in violation of 18 U.S.C. § 371, aiding and abetting identity theft, in violation of 18 U.S.C. §§ 1028 and 2, aiding and abetting credit fraud, in violation of 18 U.S.C. §§ 1029 and 2, and aiding and abetting bank fraud, in violation of 18 U.S.C. §§ 1344 and 2.

While Shoucair was in custody following his indictment, his attorney informed the prosecutor that Shoucair could provide the government with information linking one of his coconspirators to the financing of terrorist organizations. The prosecutor responded by writing a letter to defense counsel that provides in pertinent part:

> Dear Mr. Berger:
>
> This will confirm our conversation today, in which you provided an attorney proffer to me and Special Agents John Shoup and Timothy Waters of the FBI. If your client is willing and able to provide the information as you have indicated, the government agrees to permit him to plead to his own conduct known to us as of this date. He will need to testify at the grand jury, and to the extent that he can while in custody, to be pro-active in assisting us in the investigation. His sentencing guidelines will be 6 to 12 months, with a cap of 9 months and credit for the time he has served.

Immediately after his conversation with the prosecutor, Shoucair's attorney, accompanied by Special Agents Shoup and Waters, went to the Wayne County Jail to speak with Shoucair. But Shoucair, contrary to his attorney's proffer, denied having any information regarding his coconspirator's ties to terrorist organizations. At the suggestion of the prosecutor, "Shoucair [took]

a polygraph [test] and failed it; the conclusion of the polygrapher was that Shoucair was being

deceptive as to his knowledge of [his codefenant's] ties to terrorism." Shoucair also refused to

testify before the grand jury.

A few days before the date set for sentencing, Shoucair's attorney filed a motion to compel

enforcement of an alleged plea agreement based upon the prosecutor's letter quoted above. After

reviewing the documents submitted by the parties and hearing their arguments on the issue, the

district court concluded that no enforceable plea agreement between the parties existed. The court

then sentenced Shoucair to 30 months in prison plus three years of unsupervised release. During the

sentencing hearing, the court engaged in the following exchange with the prosecutor:

> THE COURT: . . . Restitution shall be ordered forthwith. Information regarding the victims and their loss will be provided by [the prosecutor], and it will be forwarded to all parties upon receipt.
>
> I don't know if you're ready to do that now.
>
> [THE PROSECUTOR]: Not today, Your Honor. But I will shortly.

Because the victims' losses had not been provided to the court at the time of sentencing, the court

ordered Shoucair to pay restitution to victims "to be determined" in an amount "to be determined."

## II. ANALYSIS

**A.      The parties did not enter into an enforceable plea agreement**

A district court's determination regarding the existence of a plea agreement is a question of

fact that is reviewed under the "clearly erroneous" standard. *Ramos v. Rogers*, 170 F.3d 560, 564

(6th Cir. 1999). This court has held that "[p]lea agreements are contractual in nature. In interpreting

and enforcing them, we are to use traditional principles of contract law." *United States v. Robison*,

924 F.2d 612, 613 (6th Cir. 1991).

In the present case, the letter from the government to Shoucair's attorney stated in pertinent

part as follows:

> If your client is willing and able to provide the information as you have indicated, the
> government agrees to permit him to plead as to his own conduct known to us as of
> this date. He will need to testify at the grand jury, and to the extent that he can while
> he is in custody, to be pro-active in assisting us in the investigation.

The prosecutor's letter promised to permit Shoucair to plead guilty based on only his own conduct

(as opposed to the conduct attributable to the conspiracy) in exchange for certain acts by Shoucair.

He could have accepted this offer by either performing or agreeing to perform the requested acts.

But Shoucair told the FBI agents that he had no information about his coconspirator's ties to terrorist

organizations and he refused to testify before the grand jury. Because Shoucair never accepted the

government's offer, no contract was ever formed. The district court's decision on this issue was

therefore correct.

**B.     The district court erred in ordering that restitution be paid in an amount and to such
victims as was "to be determined"**

Shoucair also contends that the district court erred by ordering an indeterminate amount of

restitution. "[T]his court reviews the district court's order of restitution for abuse of discretion, but

reviews the district court's application of a statute de novo." *Weinberger v. United States*, 268 F.3d

346, 351 (6th Cir. 2001).

A nearly identical factual scenario was considered by this court in *United States v. Jolivette*,

257 F.3d 581 (6th Cir. 2001), where the district court had "sentenced Jolivette to make restitution

in an amount to be set upon receipt of a report from the probation officer regarding the appropriate amount of restitution." *Id.* at 582. The district court, however, failed to determine the restitution amount within the 90-day statutory time limit. *See* 18 U.S.C. § 3664(d)(5) ("If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."). This court therefore held that

> when the 90-day clock runs out, the judgment of conviction and sentence, including the restitution provision, becomes final by operation of the statute. We therefore have jurisdiction to review the judgment of conviction and sentence. It follows that because there was no timely judicial determination of the restitution amount, the judgment contains no enforceable restitution provision.

*Jolivette*, 257 F.3d at 585. Accordingly, this court vacated the portion of the district court's judgment requiring restitution. *Id.* at 587.

The material facts of the present case are essentially the same as those in *Jolivette*. Here too the victims' losses had not been ascertained at the time of sentencing. The district court therefore ordered restitution of an amount to be determined, but subsequently failed thereafter to make the necessary determination within the 90-day statutory time limit. In accordance with *Jolivette*, we set aside that portion of the district court's judgment requiring restitution.

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** Shoucair's conviction and term of imprisonment, but **VACATE** that portion of the district court's order requiring restitution.

*No. 03-2265*
*U.S.A. v. Shoucair*