**UNITED STATES of America**

v.

**Kaleel WILSON, a/k/a Kahlil Wilson a/k/a Khalil Wilson a/k/a Kahlio Wilson, Appellant.**

No. 08–3184.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 22, 2009.

Filed: Oct. 9, 2009.

Michelle Morgan–Kelly, Esq., Office of United States Attorney, Philadelphia, PA, for Appellee.

Mark S. Greenberg, Esq., Lacheen Wittels & Greenberg, Philadelphia, PA, for Appellant.

Before: BARRY, FISHER and JORDAN, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

Kaleel Wilson appeals from the District Court's conviction by a jury and sentence, arguing that the District Court (1) abused its discretion in refusing to give an accomplice witness jury instruction requested by the defendant and (2) committed plain error in imposing a five-year mandatory minimum term of imprisonment under 18 U.S.C. § 924(c), to run consecutively with a ten-year mandatory minimum term of

imprisonment under 21 U.S.C. § 841(b)(1)(B). We will affirm.

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Kaleel Wilson was stopped by Philadelphia Police while speeding on the night of July 5, 2007. Officers Jared Netzer and Ryan Murphy observed three men in the van: Wilson in the driver's seat, Baba Tunkara in the front passenger seat, and co-defendant Nafice Fields in the backseat. After seeing a fully loaded nine-millimeter semi-automatic handgun under the seat near Fields, Officer Murphy ordered him out of the van and placed him under arrest. Officer Murphy ordered both Wilson and Tunkara out of the vehicle, and Officer Murphy subsequently found a loaded .357 magnum handgun in Tunkara's left front pocket. Tunkara told police that just before the police stopped the van, Wilson demanded that Tunkara hold the gun. Officer Netzer searched Wilson and found $1,388 in Wilson's right front pocket. Police then searched the van and found 16.4 grams of crack cocaine in 115 small baggies in the roof liner above the driver's sun visor.

Police arrested and charged Wilson, Fields, and Tunkara with state drug and weapons offenses. Subsequently, a federal grand jury indicted Wilson and charged him with possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The same federal indictment also charged Fields with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The federal indictment did not charge Tunkara.

At trial, Tunkara testified consistent with his earlier statement to police that Wilson had demanded that Tunkara hold the gun. At the time of his testimony, Tunkara still faced state drug and weapons charges stemming from the incident and also had an application pending for United States citizenship. Wilson explored these points extensively on cross-examination. Two months after his testimony against Wilson, Tunkara pled guilty to a state count of possession of an unlicensed firearm and received a sentence of five-years probation pursuant to a negotiated plea. At the plea hearing, the United States informed the state court judge of Tunkara's cooperation with federal authorities.

At the District Court's charging conference, Wilson did not ask the District Court to give an accomplice witness instruction and never provided a written request for the instruction. Rather, Wilson's attorney called the Judge's chambers the morning after the charging conference and requested an accomplice witness instruction. The District Court refused to give the instruction, citing the lack of a written proposed instruction, the fact that Tunkara was not charged federally, and stating that Wilson could challenge Tunkara's credibility before the jury.

Following conviction on all counts, the District Court sentenced Wilson to a mandatory minimum term of imprisonment of ten-years for possession of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and a consecutive mandatory minimum term of imprisonment of five-years for carrying a firearm in relation to the drug trafficking crime, in violation of 18 U.S.C. § 924(c).

Wilson filed a timely appeal challenging his conviction on the grounds that the Dis-

trict Court abused its discretion in failing to give the accomplice witness instruction and challenging his sentence on the grounds that the District Court committed plain error in imposing consecutive mandatory minimum terms of imprisonment under 18 U.S.C. § 924(c) and 21 U.S.C. § 841(b)(1)(B).

## II.

The District Court properly exercised jurisdiction over this matter pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction based upon the timely filing of a notice of appeal from the July 16, 2008 order of judgment in the criminal case under 28 U.S.C. § 1291. We review the District Court's refusal to give an accomplice witness instruction under an abuse of discretion standard. *United States v. Leahy*, 445 F.3d 634, 642 (3d Cir.2006). As Wilson did not object to the imposition of consecutive mandatory minimum sentences at the sentencing hearing before the District Court, we review the sentence for plain error. *United States v. Couch*, 291 F.3d 251, 252 (3d Cir.2002).

## III.

■ Wilson first argues that the District Court abused its discretion in refusing to give the accomplice witness instruction requested with regard to the testimony of Baba Tunkara.

A District Court's refusal to give an instruction will be reversed "only when the requested instruction was correct, not substantially covered by the instructions given, and was so consequential that the refusal to give the instruction was prejudicial to the defendant." *Leahy*, 445 F.3d at 651.

We considered the use of accomplice witness instructions in *United States v. Isaac* and wrote:

"We recognize that a witness who has been given a reward for cooperation has also been given an incentive to shade the truth or to lie. It may well be the better practice to give an instruction if requested. However, such an instruction is not required, especially when, as here, it has been made clear to the jury that it is permitted to disbelieve testimony to the extent it finds that the testimony was driven more by a self-serving desire for leniency than a sense of duty to tell the truth. We have repeatedly approved the practice of counseling jurors to view the testimony of accomplices and immunized witnesses with skepticism and caution, particularly when it is uncorroborated and material to establishing the defendant's guilt."

134 F.3d 199, 204 (3d Cir.1998).

*Isaac* establishes that providing an accomplice witness instruction is not mandatory; rather the decision to give the instruction is left to the discretion of the district court. Other Courts of Appeals concur that there is "no absolute and mandatory duty to instruct a jury to consider even the testimony of an *un*corroborated accomplice with caution." *United States v. Rockelman*, 49 F.3d 418, 423 (8th Cir.1995) (internal citation omitted).

Here, the District Court largely covered the substance of the accomplice witness instruction in its general charge to the jury. The District Court instructed the jury to "carefully scrutinize all the testimony given, [and] the circumstances under which each witness has testified...." (App.217) The Court also instructed jurors to consider each witness's "motive to falsify." *Id.* The Court did not, however, instruct the jury to perform a more thorough examination of Tunkara's motivations for testifying because Tunkara was an accomplice. The jurors, nonetheless, were properly informed of their duty to scrutinize the credibility of all witnesses and evidence.

At trial, Wilson's attorney had the opportunity to cross-examine Tunkara and

demonstrate to the jury any potential motivation the witness had to falsify his testimony. Wilson's attorney did indeed ask Tunkara about the impact that a criminal conviction would have on his pending application for United States citizenship, and during closing argument urged the jury to evaluate Tunkara's credibility and consider whether his motive to testify was to avoid a firearm possession charge.[1]

The District Court, therefore, did not abuse its discretion in this case by refusing to give the accomplice witness instruction.

## IV.

■ Wilson next argues that the District Court committed plain error by sentencing him to consecutive mandatory minimums under both 18 U.S.C. § 924(c) and 21 U.S.C. § 841(b)(1)(B). 18 U.S.C. § 924(c)(1)(A) provides:

> "Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—(i) be sentenced to a term of imprisonment of not less than 5 years;"

Wilson was sentenced under this provision to five years for possession of a firearm. Wilson's conviction for possession with intent to distribute more than five grams of cocaine base after having previously been convicted of a drug felony, subjects him to a ten-year mandatory minimum under 21 U.S.C. § 841(b)(1)(B).

Wilson argues that the five-year mandatory minimum under § 924(c)(1)(A) should not be applied to him because § 841(b)(1)(B) subjects him to a longer mandatory minimum sentence, and the prefatory clause of § 924(c)(1)(A) does not allow for the application of a mandatory minimum to be imposed under that statute in cases where a greater minimum sentence is imposed "by this subsection or by any other provision of law."

While Wilson's argument is supported by the Second Circuit's holding in *United States v. Whitley*, 529 F.3d 150, 151 (2d Cir.2008), this Court recently held in *United States v. Abbott*, 574 F.3d 203, 206–07 (3d Cir.2009), that the mandatory sentence set forth in 18 U.S.C. § 924(c) must run consecutively with any mandatory sentence currently provided by statute. We must follow this precedent.

In *Abbott*, we joined the majority of other Courts of Appeals in holding that the

---

1. Further, the District Court's record reveals two additional arguments for refusing to give the instruction. First, Wilson did not request, nor put into writing, the instruction at the charging conference as required by Rule 30 of the Federal Rules of Criminal Procedure. We have held in *United States v. Davis*, however, that an instruction request need only be sufficiently clear for the trial judge to fairly consider it. 183 F.3d 231, 252 (3d Cir.1999). Wilson's failure to comply with Rule 30, therefore, is not dispositive in this case. Second, the government argued that since Tunkara was not formally charged in the federal indictment against Wilson, he is not an accomplice for purpose of a jury instruction. While the Court acknowledged that Tunkara was not charged in the instant case, it did not elaborate as to the weight it gave to this issue. (App.161) Neither of these arguments is dispositive for the purpose of our appellate review. We, therefore, focus our review on the *necessity* of providing the instruction and we need not further elaborate on these two arguments.

prefatory clause in § 924(c)(1)(A) does not foreclose consecutive mandatory minimum sentences where the predicate offense includes a mandatory minimum term of imprisonment that is longer than the sentence required by § 924(c). *See United States v. Easter,* 553 F.3d 519 (7th Cir.2009); *United States v. Parker,* 549 F.3d 5, 10–12 (1st Cir.2008); *United States v. Jolivette,* 257 F.3d 581 (6th Cir.2001); *United States v. Studifin,* 240 F.3d 415 (4th Cir.2001); *United States v. Alaniz,* 235 F.3d 386 (8th Cir.2000). While we noted in *Abbott* that reading the prefatory clause in isolation may lead to the conclusion that § 924(c) mandatory minimums do not apply when a predicate offense carries a greater mandatory minimum, we found that reading "suspect on its face." 574 F.3d at 209. The prefatory clause, we explained, applies to "greater minimum sentences provided by this subsection, not for predicate offenses." *Id.* We held in *Abbott* that "the minimum sentences specified by § 924(c)(1) apply *in addition to* the punishment provided for a predicate offense. Thus, the prefatory clause requires a comparison between the minimum sentences specified in §§ 924(c)(1)(A)(i)–(iii) and (B)–(C), and, at a minimum, others associated with using, carrying, or possessing a firearm—not the predicate offense itself." *Id.*

Finally, we noted in *Abbott* that interpreting the prefatory clause in § 924 in the manner suggested by Wilson would run counter to the clear intent of Congress to increase the sentences of those who possess, brandish, or discharge a firearm in the course of committing a drug felony. *Id.* Using a hypothetical, we illustrated the bizarre sentencing results that would undoubtedly occur if the prefatory clause were found to apply to the predicate offense. *See id.* at 209 (The hypothetical demonstrated that those charged with a lesser drug felony and an offense under § 924(c) would actually face longer mandatory minimum sentences than those convicted of a greater drug felony and the same violation of § 924(c) because those charged with the greater drug felony would see their mandatory minimum under § 924(c) wiped out.) *Abbott* makes it clear that we will not apply the prefatory clause to the predicate offense.

Here, Wilson was convicted on a felony drug charge under 21 U.S.C. § 841(b)(1)(B) as the predicate offense to his conviction under § 924(c)(1)(A)(i) for possession of a firearm. Because the prefatory clause in § 924(c)(1)(A) does not apply when a greater mandatory minimum is found in the predicate offense, Wilson was properly sentenced. We therefore hold that the District Court did not err in sentencing Wilson to consecutive mandatory minimum sentences under 18 U.S.C. § 924(c)(1)(A) and 21 U.S.C. § 841(b)(1)(B).

## V.

For the foregoing reasons, we will affirm the judgment of the District Court.