In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-3680

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ARTHUR HUDSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 CR 1010—**Wayne R. Andersen**, *Judge.*

ARGUED MAY 27, 2010—DECIDED DECEMBER 6, 2010

Before BAUER, WOOD, and TINDER, *Circuit Judges.*

TINDER, *Circuit Judge.* In late September or early October of 2005, Arthur Hudson received approximately 20 kilograms of cocaine on consignment from a person identified in the record below as "Individual A" at a Culver's restaurant in Romeoville, Illinois. After this deal, "A" started cooperating with the Drug Enforcement Administration. On October 17, 2005, "A" and an undercover DEA agent met Hudson in a Walgreens

parking lot in Romeoville to get the money Hudson owed for the previously fronted drugs. Hudson gave the informant the keys to his Chevy Impala and told him how to find the money inside the car's "trap," a hidden compartment. "A" and the agent found about $240,225 in cash and about 600 grams of powder cocaine and 80 grams of cocaine base in the form of crack cocaine inside the trap. The trio met again on October 18, 2005, this time with a payment of $92,495 being made through the use of the Chevy's trap.

A federal magistrate judge signed a sealed criminal complaint on December 14, 2005, charging Hudson with knowingly and intentionally possessing cocaine and crack cocaine with intent to distribute it. Federal agents arrested Hudson the next day in his Chicago home. His wife consented to a search of the home, during which agents found guns and drug-related para- phernalia, including a Ruger 9mm semi-automatic pistol (next to a kilogram of cocaine) in a filing cabinet drawer.

Hudson pled guilty on June 19, 2008, to possessing five kilograms of cocaine or more with intent to dis- tribute it in violation of 21 U.S.C. § 841(a)(1) and pos- sessing a firearm (the Ruger) in furtherance of his drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A). Hudson admitted the drug crime and that he possessed and stored the Ruger to protect himself and his drug stash. The district court sentenced Hudson to the statutory mandatory minimum 120 months' incarcera- tion for the drug charge and to 60 months' incarceration for gun possession in furtherance of drug dealing, to be

served consecutively to the period of incarceration on the drug charge.

Hudson appeals only his sentence, contending that we should vacate the 60-month consecutive portion of the sentence because the district court mistakenly believed § 924(c)(1)(A) required a mandatory minimum term of consecutive confinement. Hudson makes a single but pointed argument: he contends that § 924(c)(1)(A) only imposes a mandatory consecutive sentence if the underlying crime does not impose a greater mandatory minimum sentence. And, of course, Hudson's § 841(a) conviction required a greater mandatory minimum sentence (120 months) than his § 924(c)(1)(A) conviction (60 months). Hudson bases his argument on what is known as the "except" clause of that firearm statute.

The "except" clause upon which Hudson relies provides:

> *Except to the extent that a greater minimum sentence is otherwise provided* by this subsection or *by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment of not
less than 5 years . . . .

18 U.S.C. § 924(c)(1)(A)(i) (emphasis supplied).

Hudson argues that the only way to read § 924(c)(1)(A)(i) as mandating a five-year sentence for possessing a fire-arm in furtherance of drug trafficking on top of his ten-year sentence for the drug trafficking is to ignore § 924(c)(1)(A)'s exception for "any other provision of law."

Hudson's appellate counsel concedes that Hudson faces an uphill battle in pursuing this argument: his brief acknowledges that we held in *United States v. Easter*, 553 F.3d 519, 524-27 (7th Cir. 2009) (per curiam), *cert. denied sub nom.*, *McKay v. United States*, 139 S. Ct. 1281, *and McSwain v. United States*, No. 08-9560, ___ S. Ct. ___, 2010 WL 4811788 (Nov. 29, 2010), that § 924(c)(1)(A)'s lan-guage "any other provision of law" did not include under-lying crimes such as Hudson's conviction for posses-sion with intent to distribute. *Easter* rested on the pub-lished opinions from four other circuits, which all held that the "any other provision of law" clause did not refer to the underlying drug trafficking crime or crime of violence. *Id.* at 525 (citing *United States v. Alaniz*, 235 F.3d 386, 389 (8th Cir. 2000)); *see also United States v. Parker*, 549 F.3d 5, 10-12 (1st Cir. 2008), *cert. denied*, 129 S. Ct. 1688 (2009); *United States v. Jolivette*, 257 F.3d 581, 587 (6th Cir. 2001); *United States v. Studifin*, 240 F.3d 415, 423 (4th Cir. 2001). Rather, "any other provision of law" refers only to "another penalty provision elsewhere in the United States Code [that] requires a higher minimum sentence for *that* § 924(c)(1) offense." *Easter*, 553 F.3d at 526.

Hudson recognizes that *Easter* dooms his appeal but in his brief he requests that we overturn *Easter*. Since *Easter*, four other circuits have reached the same conclusion. *See United States v. Villa*, 589 F.3d 1334, 1343 (10th Cir. 2009), *cert. denied*, No. 09-1445, ___ S. Ct. ___, 2010 WL 2150717 (Nov. 29, 2010); *United States v. Segarra*, 582 F.3d 1269, 1272-73 (11th Cir. 2009), *cert. denied*, No. 09-8536, ___ S. Ct. ___, 2010 WL 111551 (Nov. 29, 2010); *United States v. Abbott*, 574 F.3d 203, 211 (3d Cir. 2009); *United States v. London*, 568 F.3d 553, 564 (5th Cir. 2009), *cert. denied*, No. 09-5844, ___ S. Ct. ___, 2010 WL 4811790 (Nov. 29, 2010). Hudson asserts that *Easter* ignored § 924(c)(1)(A)'s plain language and that we should instead follow the Second Circuit's opinion in *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009), decided less than two months after *Easter*. *Williams* rested on *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), an opinion *Easter* expressly rejected.

Hudson also acknowledges that we review for plain error because he forfeited the issue by failing to raise it before the district court. As Hudson's briefs and oral argument make clear, his position in this appeal really rests on the hope that the Supreme Court would rule his way in a pair of then-pending cases directly addressing this issue. Given the choice at oral argument to wait to see if the Supreme Court would effectively overrule our existing circuit precedent or to take the chance that we would overrule *Easter* before the Court acted on the pending cases, Hudson elected to wait and see. We honored his request.

Hudson's wait ended November 15, 2010, when the Supreme Court held that § 924(c)(1)(A)'s "except" clause only applies when the minimum sentence "otherwise provided" is "for the [§ 924(c)] offense in question." *Abbott v. United States*, 131 S. Ct. 18, 2010 WL 4569898, at *12 (2010) (quoting *Easter*, 553 F.3d at 526). The Court addressed the same argument Hudson advances, that § 924(c)(1)(A)'s terms plainly except mandating its minimum sentence when another provision of law mandates a longer minimum sentence. The Supreme Court unequivocally rejected that construction, holding that the "except" clause—as a preceding and qualifying clause of the main clause that punishes the possession of a firearm— refers naturally to the conduct § 924(c) prohibits. The "except" clause serves as a "no-stacking instruction for cases in which § 924(c) and a different statute both punish conduct offending § 924(c)." *Id.* The Court noted that this reading gave effect to the provision's language requiring that all § 924(c) offenders receive an extra punishment for using guns in crimes of violence or drug trafficking. *Id*. at *8.

The Supreme Court's emphatic (and unanimous) rejection of the Second Circuit's approach to § 924(c) resolves Hudson's only argument on appeal. Because the Supreme Court confirmed in *Abbott* that we read § 924(c) correctly in *Easter*, we AFFIRM Hudson's sentence.